IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY SEBASTIAN GRANDISON,<br><br>    Plaintiff,<br><br>    vs.<br><br>M E SPEARMAN, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-01285 AWI JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THIS ACTION WITHOUT PREJUDICE<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred to this Court from the Central District of California. (Doc. 2.) Now pending before this Court is Plaintiff's motion to proceed in forma pauperis. (Doc. 1.)

**I.    SECTION 1915**

A prisoner may commence and proceed with an action in federal court without prepayment of fees pursuant to 28 U.S.C. § 1915. Section 1915, however, contains an explicit limitation. Known as the "there strikes rule," § 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), a court must conduct a "careful examination of the order dismissing the action" in order to verify that, in fact,

"the action was dismissed because it was "frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

Here, the Court takes judicial notice of three previous actions filed by Plaintiff that have been dismissed as frivolous or for failure to state a claim. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of court records). First, in Grandison v. Cater, 2:07-cv-6964-UA-FFM (C.D. Cal.), Plaintiff's action was dismissed for failure to state a claim on February 1, 2008 because all the named defendants were immune from suit. Second, in Grandison v. Hense, 2:11-cv-1809-UA-FFM (C.D. Cal.), Plaintiff's action was dismissed for failure to state a claim on March 11, 2011 because Plaintiff's claims were barred under Heck v. Humphrey, 512 U.S. 477 (1994). Third, in Grandison v. Stainer, 2:11-cv-3954-UA-FFM (C.D. Cal.), Plaintiff's action was dismissed for failure to state a claim on May 18, 2011 because, once again, Plaintiff's claims were barred under the Supreme Court's decision in Heck.

Because Plaintiff has accumulated "three strikes" against him, he may only proceed in forma pauperis under § 1915 if he was under imminent danger of serious physical injury at the time he brought the action. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). After a review of Plaintiff's complaint, the Court is convinced that he was not. Plaintiff presents two types of claims in his complaint. The first claim challenges the unresponsiveness or ineffectiveness of the prison grievance system at Kern Valley State Prison. (Doc. 1-1 at 3-4.) Not only do these allegations not involve imminent physical danger, but the allegations also fail to state a cognizable § 1983 claim. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no constitutional entitlement to a specific grievance procedure); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (grievance procedure does not confer substantive rights).

The second claim pertains to Plaintiff's assertion that prison officials tortured him by placing a "deadly substance" in his cheeseburgers, thereby making him ill. (Doc. 1-1 at 5.) It appears that this was a one-time event. However, even if Plaintiff's allegations are construed to assert multiple events of "torture," it is clear that at the time he brought this action, he was not in any imminent danger. See Cervantes, 493 F.3d at 1053 (imminent danger of physical harm is determined at the time the prisoner filed the complaint). The defendants in this action are prison officials at Pleasant Valley State Prison.

(Id. at 1-2.) At the time Plaintiff filed his complaint, he was no longer confined at Pleasant Valley State.[1] (See id. at 1.) Thus, any alleged "torture" by the defendants ceased by the time Plaintiff initiated this action.

Accordingly, because Plaintiff has accumulated "three strikes" under § 1915(g) and was not in imminent danger of serious physical injury at the time he brought this action, Plaintiff is barred from proceeding in forma pauperis in this case. See 28 U.S.C. § 1915(g). Moreover, because Plaintiff has not paid the filing fee, this action must be dismissed. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the time of initiating the suit).

## II.    CONCLUSION

For the reasons set forth above, it is **HEREBY ORDERED** that:

1. Plaintiff's July 13, 2011 application to proceed in forma pauperis (Doc. 1) is **DENIED**;
2. This action is **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee for this action; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:     August 23, 2011

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff was confined in the California Correctional Institution in Tehachapi, California. (See Doc. 1-1 at 1.)

3